IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM LEDEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:09cv516-ID |
| | ) | (WO) |
| UNITED STATES, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

William Ledee ("Ledee"), a federal prisoner proceeding *pro se*, commenced this action pursuant to 28 U.S.C. § 2241, challenging his May 2007 guilty plea convictions, entered in the United States District Court for the Northern District of Georgia, for money laundering in violation of 18 U.S.C. § 1956(a)(2)(A) and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).[1] Invoking § 2241 via the "savings clause" of 28 U.S.C. § 2255(e), Ledee argues that he is actually innocent of the money laundering charges in light of the Supreme Court's decisions in *United States v. Santos*, 553 U.S. 507 (2008), and *Cuellar v. United States*, 553 U.S. 550 (2008).

_____

[1]Ledee also pled guilty to various counts of fraud and to engaging in the business of insurance after having been convicted of a felony involving dishonesty or a breach of trust. All charges stemmed from his participation in an illegal insurance operation. Ledee was sentenced to 70 months in prison for each count, all terms to run concurrently. Ledee does not specify which of his convictions he attacks by his petition, but rather appears to lump all his convictions together under the rubric "'Money Laundering' violations." (Doc. No. 7 at 5.) It cannot be discerned from the pleadings and other materials before this court whether Ledee appealed his convictions or filed a 28 U.S.C. § 2255 motion in the court of conviction.

## II.   DISCUSSION

Ledee contends that he is eligible for relief under § 2241, because *Santos* and *Cuellar*, which were decided after he was convicted, are retroactively applicable to cases on collateral review and decriminalized the conduct upon which his money laundering convictions were based.  In *Santos*, the Supreme Court held that the gross receipts of an illegal gambling operation are not "proceeds" as the term is used in the money laundering statute, 18 U.S.C. § 1956, and affirmed the Seventh Circuit's vacatur of a money laundering conviction under § 1956(a)(1)(A)(i), because the prosecution failed to show that the gambling operation was conducted with "profits," as opposed to gross receipts.[2]  *See Santos*, 553 U.S. at 509-24.  In *Cuellar*, the Supreme Court held that a money laundering conviction under § 1956(a)(2)(B)(i) "requires proof that the purpose – not merely effect – of the transportation [of ill-gotten funds] was to conceal or disguise a listed attribute [of the tainted funds]."[3]

---

[2]The subsection of the money laundering statute at issue in *Santos* provides, in pertinent part:

> Whoever, knowing that the property involved in a financial transaction represents the *proceeds* of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the *proceeds* of specified unlawful activity– (A)(i) with the intent to promote the carrying on of specified unlawful activity ... shall be sentenced to a fine ... or imprisonment.... [A] financial transaction shall be considered to be one involving the *proceeds* of specified unlawful activity if it is part of a set of parallel or dependent transactions, any one of which involves the *proceeds* of specified unlawful activity, and all of which are part of a single plan or arrangement.

18 U.S.C. § 1956(a)(1)(A)(i) (emphasis added).

[3]The subsection of the money laundering statute at issue in *Cuellar* provides, in pertinent part:

(continued...)

2

*Cuellar*, 553 U.S. at 567.

Generally, collateral attacks on the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). However, if a remedy under § 2255 is inadequate or ineffective, a federal prisoner may file a § 2241 habeas petition under 28 U.S.C. § 2255(e)'s "savings clause," which provides that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see Sawyer*, 326 F.3d at 1365. "The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner." *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

To trigger application of § 2255(e)'s savings clause to a claim for relief, a § 2241 petitioner must establish *all three* of the following: (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision establishes

---

[3](...continued)
Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States– ... (B) knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, or transfer is designed in whole or in part– (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity ... shall be sentenced to a fine ... or imprisonment[.]

18 U.S.C. § 1956(a)(2)(B)(i).

3

that the petitioner was convicted of a "nonexistent offense"; and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion." *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). A petitioner may not argue the merits of his claim until he has "open[ed] the portal" to a § 2241 proceeding by demonstrating that the savings clause applies to his claim. *See id*. at 1244 n.3.

In determining whether Ledee has met the three *Wofford* requirements necessary to "open a portal" under § 2255(e), it appears that Ledee, at least with respect to *Santos*, meets the first requirement – that his claim is based on a retroactively applicable Supreme Court decision. *See Wofford*, 177 F.3d at 1244. Although the Supreme Court, in *Santos*, did not specifically state that its holding was retroactively applicable to cases on collateral review, *Wofford* does not require such a statement. *King v. Keller*, 372 Fed. Appx. 70, 73 (11th Cir. 2010); *see Wofford*, 177 F.3d at 1244 (simply requiring that a claim be "based upon a retroactively applicable Supreme Court decision"); *compare* 28 U.S.C. 2255(h) (requiring that a successive § 2255 motion be based on "a new rule of constitutional law, *made retroactive to cases on collateral review by the Supreme Court*" (emphasis added). In at least two recent unpublished opinions, the Eleventh Circuit has determined that *Santos* does retroactively apply to cases on collateral review, because the *Santos* opinion clearly construed a substantive federal criminal statute. *See Weeks v. United States*, 382 Fed. Appx. 845, 849 (11th Cir. 2010); *King*, 372 Fed. Appx. at 73; *see also United States v. Peter*, 310 F.3d 709,

4

711 (11th Cir. 2002) ("Decisions of the Supreme Court construing substantive federal criminal statutes must be given retroactive effect."). Therefore, with respect to the decision in *Santos*, it appears that Ledee has satisfied the first *Wofford* prong.

The undersigned has been unable to locate an Eleventh Circuit opinion, published or unpublished, holding that (or questioning whether) the Supreme Court's ruling in *Cuellar* is, like *Santos*, retroactively applicable to cases on collateral review. Even so, the reasoning of the Eleventh Circuit in its unpublished opinions finding *Santos* to be retroactive suggests that if the appellate court were squarely faced with the issue, it would quite likely find the *Cuellar* decision to be retroactive as well, since, as in *Santos*, the Supreme Court in *Cuellar* construed a substantive federal criminal statute (narrowing the substantive reach of the statute). *Peter*, 310 F.3d at 711.

However, even if Ledee satisfies the first *Wofford* prong with respect to both *Santos* and *Cuellar*, he fails to satisfy the second prong with respect to either Supreme Court decision. Specifically, he fails to demonstrate that, based on either *Santos* or *Cuellar*, he was convicted of a "nonexistent offense." *See Wofford*, 177 F.3d at 1244. As noted above, the Supreme Court in *Santos* held that the word "proceeds," as used in § 1956, means "profits," rather than "receipts." *Santos*, 523 U.S. at 513. In *United States v. Demarest*, 570 F.3d 1232 (11th Cir. 2009), the Eleventh Circuit determined that *Santos* had "limited precedential value," because three parts of the four-part opinion were issued by a plurality of Supreme Court justices. *Id*. at 1242. Thus, because "no single rationale explaining the result

5

enjoy[ed] the assent of five Justices," the *Santos* holding "may be viewed as that position taken by those Members who concurred in the judgment[ ] on the narrowest grounds." *Id*. Accordingly, the Eleventh Circuit held in *Demarest* that "[t]he narrow holding in *Santos*, at most, was that the gross receipts of an unlicensed gambling operation were not 'proceeds' under section 1956." *Id*. The Eleventh Circuit therefore determined that *Santos* did not apply to Demarest's case, because there was "no evidence that the funds Demarest laundered were gross receipts of an illegal gambling operation." *Id*. The record in the instant case reflects that Ledee's money laundering convictions were based on his participation in an illegal insurance operation (and were totally unrelated to illegal gambling). Because *Santos* has been interpreted to apply only to money laundering schemes involving an illegal gambling organization, *Demarest*, 570 F.3d at 1242, *Santos* is inapplicable to Ledee's case.[4]

The holding in *Cuellar* is similarly inapplicable to Ledee's money laundering convictions. *Cuellar* concerned money laundering convictions under § 1956(a)(2)(B)(i), which prohibits the transfer of unlawful proceeds "knowing that such transportation ... is designed in whole or in part ... to conceal or disguise the nature, the location, the source, the ownership, or the control" of those proceeds. As indicated above, the Supreme Court held that "[t]he statutory text makes clear ... that a conviction under this provision requires proof that the purpose – not merely effect – of the transportation was to conceal or disguise a listed

_____

[4]Although it does not affect the outcome of this case, the undersigned notes that *Santos* has now been superseded by statute, because on May 20, 2009, Congress amended 18 U.S.C. § 1956 to explicitly define "proceeds" to include "gross receipts." 18 U.S.C. § 1956(c)(9).

attribute." *Cuellar*, 553 U.S. at 567. As is obvious from the preceding quotation, the Supreme Court's holding was explicitly limited to "conviction[s] under this provision." *Id*. Ledee was convicted of money laundering in violation of § 1956(a)(2)(A), which prohibits the transfer of unlawful proceeds "with the intent to promote the carrying on of specified unlawful activity," and conspiracy to commit money laundering in violation of § 1956(h), which makes it an offense to conspire to commit an offense defined in § 1956 or § 1957. Concealment, and the intent to conceal, was not an element of the money laundering offenses for which Ledee was convicted. Because *Cuellar* involved a statute clearly different from the ones under which Ledee was convicted, the holding in *Cuellar* is inapplicable to Ledee's case. *See Demarest*, 570 F.3d at 1242.

For the reasons outlined above, Ledee fails to satisfies the second *Wofford* prong with respect to both *Santos* and *Cuellar*; that is, he fails to demonstrate that, based on either *Santos* or *Cuellar*, he was convicted of a "nonexistent offense." *See Wofford*, 177 F.3d at 1244. Because he has failed to satisfy the second prong of the *Wofford* test, he has failed to "open the portal" to a § 2241 proceeding.[5] *Id*. (requiring a prisoner to satisfy all three prongs).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28

---

[5]Ledee also suggests that his money laundering convictions violated his due process rights, because § 1956 was void for vagueness. (Doc. No. 7 at 8.) However, the court does not consider the merits of this claim, because Ledee failed to "open the portal" by meeting the three *Wofford* requirements. *See King v. Keller*, 372 Fed. Appx. 70, 74 (11th Cir. 2010).

U.S.C. § 2241 petition for habeas corpus relief filed by Ledee be denied and that this case be dismissed with prejudice.  It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before June 29, 2011**.   A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacLedee on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 9th day of June, 2011.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

8